IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JUN 10 A 10:50
CLERK
SO. DIST. OF GA.

SYLVESTER BRANTLEY,

Petitioner,

v. : CIVIL ACTION NO.: CV212-199

SUZANNE HASTINGS,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Sylvester Brantley ("Brantley"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response, and Brantley filed a Traverse. Respondent filed an Amended Response, and Brantley filed a Reply. For the following reasons, Brantley's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Brantley was convicted, after pleading guilty, in the Middle District of Florida of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Brantley was sentenced to 180 months' imprisonment, which was an enhanced sentence under the Armed Career Criminal Act ("ACCA"). Brantley did not file a direct appeal.

Brantley did file a motion to correct, set aside, or vacate his sentence pursuant to 28 U.S.C. § 2255. In that motion, Brantley asserted that he was actually innocent of his ACCA enhancement and that his counsel was ineffective for failing to challenge that

enhancement. The district court determined that Brantley's motion was untimely filed and, in the alternative, that he was not entitled to his requested relief. Specifically, the district court judge found that Brantley's counsel was not ineffective for failing to challenge the ACCA enhancement and that Brantley failed to show that he was actually innocent of the enhancement. (Case No. 8:11-cv-1750, Doc. No. 21, p. 20) (M.D. Fla.). Brantley then filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The district court found that Brantley's assertion of legal innocence under the ACCA could not excuse his untimely filed section 2255 motion. (Id. Doc. No. 24).

In this petition, Brantley asserts that he is actually innocent of the ACCA enhancement because his prior North Carolina convictions are not predicate offenses pursuant to § 924(e). Brantley seeks relief pursuant to Simmons. Respondent initially agreed that Brantley is entitled to relief pursuant to § 2241. However, not long after Respondent filed her initial response, the Eleventh Circuit Court of Appeals issues its decision in Williams v. Warden, Fed. Bureau of Prisons, ___ F.3d ___, 2013 WL 1482283 (11th Cir. Apr. 11, 2013). Respondent now asserts that this Court lacks subject matter jurisdiction to entertain Brantley's petition.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where

AO 72A
(Rev. 8/82)

the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Brantley's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Brantley asserts that the remedy afforded by section 2255 is inadequate or ineffective to challenge the legality of his continued detention because his claims are premised on "intervening decisions of statutory construction[ ]", such as Begay v. United States, 553 U.S. 137 (2008), which bar him from seeking relief pursuant to § 2255. (Doc. No. 1, p. 2). Brantley contends that a fundamental defect occurred during his sentencing, which allows him to proceed pursuant to United States v. Gilbert, 640 F.3d 1293 (11th Cir. 2011) .

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it

AO 72A
(Rev. 8/82)

otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Brantley has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Brantley shown that his claims were foreclosed on a previous occasion. In fact, Brantley made his Simmons-based contentions on a previous occasion, which was unsuccessful. In other words, Brantley has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Brantley has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

To the extent Brantley attempts to use Gilbert, he is not entitled to his requested relief. Section 2255(h) of Title 28 provides an actual innocence exception to bringing a second or successive § 2255 motion; it does not relate in any way to a prisoner's ability to bring a § 2241 petition.[1] Wofford provides the framework by which a prisoner can

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

AO 72A
(Rev. 8/82)

file a § 2241 petition to attack his conviction or sentence, and Brantley has not met the Wofford test. In addition, to the extent that Brantley attempts to argue that his actual innocence claim can be heard pursuant to § 2241 because it would be a fundamental miscarriage of justice for this Court not to render a merits determination of his claims, Brantley's argument is foreclosed by Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009).

In Kelley, a § 2241 petitioner appealed the dismissal of his petition, in which he asserted that he was actually innocent of the crime for which he was convicted and argued that a miscarriage of justice would result if the district court did not render a decision on the merits of his claim. The Court of Appeals for the Eleventh Circuit reiterated well-defined circuit law stating that a § 2241 petition is appropriate to challenge the validity of a federal conviction or sentence only when the remedy provided by § 2255 is inadequate or ineffective and that § 2255 is inadequate or ineffective only when the Wofford test is met. The court also explained that "[o]nce the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted[.]" Id. at 426 (quoting Wofford, 177 F.3d at 1244 n.3) (some alterations in original). The court determined that, because the petitioner did not open the portal to allow him to bring a § 2241 petition, his petition was properly dismissed. Id. Like the petitioner in Kelley, Brantley has not met the Wofford test; therefore, Brantley cannot bring his claim pursuant to § 2241. This Court's decision to not render a determination on the merits of Brantley's actual innocence claim will not result in a miscarriage of justice.



AO 72A
(Rev. 8/82)

In Williams, the Eleventh Circuit once again stated that a petitioner seeking to use section 2241 as a replacement for a section 2255 motion must meet the savings clause of section 2255(e). The petitioner in Williams challenged his armed career criminal sentence because he asserted that his predicate convictions were not violent felonies. Williams cited Begay v. United States, 553 U.S. 137 (2008), in support of his position. The Eleventh Circuit determined that, "[a]t the time of Williams's direct appeal and first [28 U.S.C.] § 2255 motion, there was no circuit precedent that foreclosed him from raising the claim that his burglary convictions should not count as violent felonies[.]" Williams, ___ F.3d at ___, 2013 WL 1482283, *1. The Eleventh Circuit also determined that, considering Williams' circumstances, "his direct appeal and first collateral attack were not inadequate or ineffective to test the legality of his detention, and the savings clause [of 28 U.S.C. § 2255(e)] does not apply." Id. The Eleventh Circuit concluded "that the district court lacked subject-matter jurisdiction to entertain Williams's § 2241 petition[.]" Id. In so doing, the Eleventh Circuit stated that, for a sentencing claim to proceed pursuant to § 2241, "the claim must be based upon a retroactively applicable Supreme Court decision" and "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Id. at *10 (citing Wofford, 177 F.3d at 1244). Because Williams' claim was not foreclosed by Eleventh Circuit precedent at the time he filed his first section 2255 motion, the Eleventh Circuit found Williams could not proceed with his claim pursuant to § 2241 and § 2255(e)'s savings clause. Id. at *13-14.

AO 72A
(Rev. 8/82)

Like the petitioner in Williams, Brantley is not entitled to his requested relief through this petition, as supplemented. Brantley asserts that his predicate convictions are no longer considered to be felonies under North Carolina law for ACCA sentencing purposes. However, Brantley cannot proceed with this section 2241 petition, as the Williams decision makes abundantly clear. Brantley filed a motion to vacate, correct, or set aside his conviction on August 5, 2011, and the Middle District of Florida court entered its decision on December 6, 2011. (Case No. 8:11-cv-1750, Doc. Nos. 1, 21) (M.D. Fla.). The decisions in Begay and Simmons were issued on April 16, 2008, and August 17, 2011, respectively. Brantley had ample opportunity to assert claims based on Begay and Simmons in his § 2255 motion, and he did so (certainly as to his Simmons-based assertions). Brantley's claim was not foreclosed at the time of the filing of his section 2255 motion by binding Eleventh Circuit precedent which was later overruled or abrogated, nor was his claim foreclosed when he filed he Rule 60(b) motion. Williams, ___ F.3d at ___, 2013 WL 1482283, at *13. Accordingly, this Court lacks subject-matter jurisdiction over Brantley's petition.

Brantley cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Brantley is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Brantley's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)